IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BRADLEY EARL MARTIN,<br>AIS # 194886, | )<br>)<br>) | |
| Petitioner, | )<br>) | |
| v. | )<br>) | CASE NO. 3:25-CV-206-WKW |
| ANTONIO McCLAIN, | )<br>)<br>) | [WO] |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Bradley Earl Martin, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. Petitioner challenges his 2003 convictions for second-degree burglary and first-degree burglary and his concurrent sentences of life imprisonment with the possibility of parole, handed down by the Circuit Court of Russell County, Alabama. As ordered (Doc. # 10), Respondent, through the Office of the Attorney General of the State of Alabama, timely filed an Answer (Doc. # 15) to the petition, as well as records of the state-court proceedings. Petitioner filed a reply. (Doc. # 16.)

Based upon a review of the parties' submissions, an evidentiary hearing is not warranted. *See* Rule 8, *Rules Governing Section 2254 Cases in the United States District Courts* [hereinafter *Rules Governing § 2254 Cases*]. For the reasons set

forth below, Petitioner is not entitled to relief because his petition is time-barred under 28 U.S.C. § 2244(d)(1)(A). Therefore, the petition will be dismissed with prejudice. Furthermore, Petitioner will be denied a certificate of appealability.

## II. JURISDICTION

Under 28 U.S.C. § 2254(a), federal district courts have the authority to consider an application for a writ of habeas corpus on behalf of an individual in state custody pursuant to a state-court judgment but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." This provision limits authority, rather than conferring it, with habeas jurisdiction established by 28 U.S.C. § 2241. *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004). Under § 2241, federal district courts have the power to grant writs of habeas corpus "within their respective jurisdictions," § 2241(a), when a state-convicted prisoner "is in custody in violation of the Constitution, " § 2241(c)(3). The "in-custody" requirement mandates that the habeas petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam).

Petitioner was in custody under a state-court judgment when he filed this petition. Furthermore, since Petitioner was incarcerated in a state prison located in the Middle District of Alabama at the time of filing and also was convicted and

sentenced by a state court in this district, this court has jurisdiction to consider his petition. *See* § 2241(d).

### III.  BACKGROUND

**A.  <u>State Court Trial Proceedings (Convictions and Sentences) and Failure to Appeal</u>**

On October 20, 2003, Petitioner pleaded guilty to second-degree burglary (CC-2000-275) and first-degree burglary (CC-2003-584) in the Circuit Court of Russell County, Alabama. *See State v. Martin*, Case Nos. CC-2000-275, CC-2003-584 (Russell Cnty. Cir. Ct.). On the same day, the circuit court sentenced Petitioner as a habitual felony offender to life in prison with the possibility of parole, with the sentences to run concurrently. (*See* Doc. # 15-1, 15-2, 15-3 (Respondent Exs. A, B, C).)

Petitioner had 42 days after the pronouncement of sentence to file a direct appeal. Ala. R. App. P. 4(b)(1) ("In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (six weeks) after pronouncement of the sentence . . . ."). The forty-second day after October 20, 2003, and thus, the deadline for Petitioner to file a notice of appeal, was December 1, 2003. *See* Ala. R. App. P. 26(a) (defining how to compute "any period of time prescribed by these rules" and, as relevant here, "the day of the act . . . from which the designated period of time begins to run shall not be included" but "[t]he last day

3

of the period shall be included"). Petitioner did not appeal his October 20, 2003 guilty-plea convictions and sentences.

## B.     Post-Conviction Remedies in State Court

Rule 32 of the Alabama Rules of Criminal Procedure governs post-conviction remedies in state court. *See* Ala. R. Crim. P. 32.1–32.10. Because Petitioner did not file a direct appeal, any Rule 32 petition had to be filed "within one (1) year after the time for filing an appeal lapse[d]." *See* Ala. R. Crim. P. 32.2(c). That one-year period ended on or about December 1, 2004.

It was not until September 13, 2021, more than sixteen years past this deadline, that Petitioner filed his first Rule 32 petition for postconviction relief.[1] (Doc. # 15-7 (Respondent Ex. G).) In this untimely petition, Petitioner argued that his guilty plea was involuntary. He also claimed ineffective assistance of counsel, asserting that his trial attorney failed to review the evidence, neglected to investigate and subpoena witnesses, and altered and forged Petitioner's initials on the explanation-of-rights form. Additionally, Petitioner contended that newly discovered evidence showed that a statute enacted in March 2016 established a three-year statute of limitations for first-degree burglary. He argued that this statute

---

[1] Although the Rule 32 petition was stamped as filed with the circuit clerk's office on January 13, 2022, Petitioner stated in his petition that he placed it with prison officials for mailing on September 13, 2021. (Doc. # 15-7 at 1, 7.) *See Ex parte Allen*, 825 So. 2d 271, 272 (Ala. 2002) ("Alabama courts have held that a *pro se* incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing.").

deprived the circuit court of jurisdiction to prosecute him in 2003 for a crime committed in 1999.[2]  (Doc. # 15-7.)

After an evidentiary hearing, the circuit court entered an order denying Petitioner's Rule 32 petition on May 17, 2022.  (Doc. # 15-6 (Respondent Ex. F).)  In its order, the circuit court found that

> Petitioner's testimony about the alleged twenty (20) year plea offer from the State is not credible.  There was no evidence presented to this Court that the original Court was without jurisdiction to render judgment or to impose the sentence in this case.  All other grounds for relief are either time bared by [Ala. R. Crim. P.] 32.2(c) or were not sufficiently plead.

(Doc. # 15-6 (Respondent Ex. F).)

On May 27, 2022, Petitioner filed a notice of appeal with the Alabama Court of Criminal Appeals (ACCA), appealing the circuit court's denial of his Rule 32 petition for postconviction relief.  (Doc. # 15-8 (Respondent Ex. H).)  On April 28, 2023, the ACCA affirmed the circuit court's judgment in a memorandum opinion.  (Doc. # 15-9 (Respondent Ex. I).)  The ACCA held that Petitioner's claims regarding the involuntary nature of his guilty plea and ineffective assistance of counsel were "procedurally barred because they were filed after the time limitation in Rule 32.2(c), Ala. R. Crim. P., had expired."  (Doc. # 15-9 at 4.)  The ACCA also found

---

[2] The one-year limitation period in Rule 32.2(c) applies to Rule 32 petitions filed on the grounds specified in Rule 32.1(a)—that "[t]he constitution of the United States or of the State of Alabama requires a new trial, a new sentence, or other relief."  Ala. R. Crim. P. 32.1(a).

5

that Petitioner's claim concerning the allegedly illegal enhancement of his sentence under Alabama's Habitual Felony Offender Act was not raised in his Rule 32 petition but instead was introduced for the first time during the evidentiary hearing, resulting in the claim being waived for review. (Doc. # 15-9 at 4–6.) The ACCA further found that, even if Petitioner had properly raised his illegal-sentence claim in the circuit court, that court made "no adverse ruling on this claim" and that, therefore, it was "not preserved for appellate review and w[ould] not be considered." (Doc. # 15-9 at 6–7.) Furthermore, the ACCA found that "[t]he remaining claims raised in Martin's Rule 32 petition but not reasserted on appeal [were] deemed abandoned." (Doc. # 15-9 at 3.)

Petitioner did not file an application for rehearing with the ACCA or a petition for a writ of certiorari with the Alabama Supreme Court. (Doc. # 15-12 (Respondent Ex. L).) On May 17, 2023, the ACCA issued a certificate of judgment pursuant to Rule 41 of the Alabama Rules of Appellate Procedure. (Doc. # 15-10 (Respondent Ex. J).)

C.     **The Instant Federal Habeas Petition**

On March 11, 2025,[3] Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. # 1.)  Petitioner alleges three grounds for relief:

> a.  "Ineffective assistance of counsel: Counsel was ineffective for failing to conduct a reasonable investigation into the facts and evidence relative to the charges and prior convictions," (Doc. # 1 at 5);
>
> b.  "Sentence is illegal, because ineffective assistance of counsel resulted in prior convictions which were not valid to be used for enhancement purposes," (Doc. # 1 at 7); and
>
> c.  "Plea was involuntary due to failure to correctly inform Petitioner of the minimum and maximum sentences which could be imposed." (Doc. # 1 at 8.)

On October 9, 2025, Respondent was ordered to file an answer to Petitioner's federal habeas petition.  (Doc. # 10.)  Respondent contends that the petition should be dismissed with prejudice as time-barred.

Petitioner filed a reply to Respondent's answer (Doc. # 16), reiterating his grounds for relief on the merits and introducing additional arguments to challenge the legality of his convictions and sentences.  He also contends that his claims should be considered under the miscarriage-of-justice exception, as his plea was involuntary

---

[3] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).  Absent evidence to the contrary, the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam).  Petitioner signed his petition, declaring that March 11, 2025, is the date he "placed [his petition] in the prison mailing system." (Doc. # 1 at 15.)

7

and his sentence was improperly enhanced based on illegal prior convictions. He argues that his challenges are jurisdictional and can be raised at any time. (*See* Doc. # 16.) Furthermore, he asserts, without explanation, that the court should excuse the timeliness bar based on a futility exception, stating that "there are no further available state remedies under Alabama law." (Doc. # 16 at 13.)

## IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."[4] 28 U.S.C. § 2244(d)(1). The one-year limitation period begins when the state-court judgment is considered final, as defined by the AEDPA, not state law. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The AEDPA specifies two alternative dates on which a state-court judgment becomes final: (1) at the "conclusion of direct review" or (2) upon the "expiration of the time for seeking such review." § 2244(d)(1)(A).

In *Gonzalez*, the Supreme Court established that § 2244(d)(1)(A)'s text "consists of two prongs" with distinct applications:

> For petitioners who pursue direct review all the way to th[e United States Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—

---

[4] The petition contains no facts that trigger the application of § 2244(d)(1)(B)–(D).

when the time for pursuing direct review in this Court, or in state court, expires.

565 U.S. at 150.[5]

Petitioner falls within the second category of *Gonzalez* petitioners—those whose judgment of conviction "becomes final at the 'expiration of the time for seeking such review' . . . in state court." *Id.* (quoting § 2244(d)(1)(A)). Petitioner did not appeal his conviction in either of his cases (Case Nos. CC-2000-275 or CC-2003-584). Therefore, Petitioner had 42 days from the date of sentencing (October 20, 2003) to file an appeal. *See* Ala. R. App. P. 4(b)(1). The deadline to appeal was December 1, 2003. *See* Ala. R. App. P. 26(a) (defining how to compute "any period of time prescribed by these rules").

The one-year limitation period under § 2244(d)(1)(A) began to run the next day on December 2, 2003. *See Green v. Sec'y, Dep't of Corr.*, 877 F.3d 1244, 1247 n.3 (11th Cir. 2017) ("The limitation period [under § 2244(d)(1)(A)] began to run the day after the conviction and sentence became final . . . ." (citing *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil

---

[5] The issue in *Gonzalez* centered on identifying when a judgment becomes final under § 2244(d)(1)(A) if a state petitioner forgoes review in a state's highest court. 565 U.S. at 150. There, the state petitioner pursued a direct appeal to the intermediate state appellate court but did not seek discretionary review in the state's highest court. *See id.* at 138. The Supreme Court held that the judgment became final under § 2244(d)(1)(A) when the time for seeking discretionary review in the state's highest court expired under the state court's filing deadlines. *See id.* at 150 ("We . . . agree with the Court of Appeals that because [the petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.").

Procedure 6(a)(1) applies to the calculation of the AEDPA's one-year limitation period and explaining that the limitation period therefore begins to run from the day after the day of the event that triggers the period))). The one-year limitation period expired on December 1, 2004. *See Downs v. Mitchell*, 520 F.3d 1311, 1318 (11th Cir. 2008) (noting that the "limitations period expires on the anniversary of the date it began to run"). Petitioner's federal habeas petition, nearly two decades later, comes too late under § 2244(d)(1)(A).

**B.      Statutory Tolling, Equitable Tolling, and Actual Innocence**

An otherwise untimely petition under 28 U.S.C. § 2254 may be considered only if the petitioner demonstrates either entitlement to tolling or a fundamental miscarriage of justice. As explained below, Petitioner has not identified facts establishing that tolling applies or that a fundamental miscarriage of justice occurred.

**1.      *Statutory Tolling***

Under 28 U.S.C. § 2244(d)(2), the one-year limitation period is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." A properly filed state-court application must be pending during § 2244(d)(1)(A)'s one-year limitation period for tolling to occur. In other words, "[a] state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because

there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam).

As recounted above, Petitioner filed his first Rule 32 petition in the state trial court on September 13, 2021. The filing of this Rule 32 petition did not toll the one-year limitation period under § 2244(d)(2) because that period expired more than a decade-and-a-half earlier on December 1, 2004. A Rule 32 petition filed after the expiration of the § 2244(d)(2) limitation period cannot toll it, as there is no remaining time to toll. *See id.* Therefore, statutory tolling under § 2244(d)(2) cannot be applied to the one-year limitation period, and Petitioner has not argued for statutory tolling.

### 2.  *Equitable Tolling*

Equitable tolling of § 2244(d)(1)(A)'s one-year limitation period applies where a petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted). Equitable tolling is "an extraordinary remedy" and, thus, is "limited to rare and exceptional circumstances and typically applied sparingly." *Thomas v. Att'y Gen.*, 992 F.3d 1162, 1179 (11th Cir. 2021) (citation omitted). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (per curiam).

Petitioner has not alleged that extraordinary circumstances prevented him from filing his § 2254 petition on time or that he pursued his rights diligently during the nearly sixteen years between the state-court judgment's finality and the filing of this petition. The § 2254 form petition requires Petitioner to address the one-year limitation period if the challenged state-court judgment became final over a year ago. Instead of discussing timeliness, Petitioner uses the space on this form to further argue for relief based on the merits of the claims in his petition. (Doc. # 1 at 13–14.) In his reply brief, Petitioner reiterates these merits-focused arguments and introduces additional grounds to challenge the legality of his convictions and sentences. (Doc. # 16.) However, these arguments do not satisfy the standard for equitable tolling because the standard focuses "on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction." *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1314–15 (11th Cir. 2001) (per curiam). Simply put, Petitioner's arguments fail to explain why he filed his petition late. Petitioner has not alleged extraordinary circumstances or that he pursued his rights diligently so as to warrant equitable tolling.

### 3. *Fundamental Miscarriage of Justice: Actual Innocence*

Even where there is no basis for tolling, a petitioner can overcome § 2244(d)(1)'s one-year limitation period where he can show a "fundamental miscarriage of justice." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). The

12

"fundamental miscarriage of justice" exception requires a showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 392 (citation omitted). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, . . . or . . . expiration of the [AEDPA] statute of limitations." *Id.* at 386.

The actual innocence exception "is exceedingly narrow," *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1013 (11th Cir. 2012) (per curiam), and requires a petitioner "(1) to present new reliable evidence that was not presented at trial, and (2) to show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence," *id.* at 1011 (cleaned up). The actual innocence gateway requires a petitioner to show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner has not raised a claim of actual innocence to excuse his untimely filing. He has not alleged that there is any evidence, let alone new and reliable evidence, that would demonstrate that he did not commit the offenses for which he was convicted, such that no reasonable juror would have found him guilty beyond a reasonable doubt.

Instead, Petitioner asserts that his habeas claims present jurisdictional issues that cannot be waived and, therefore, are not subject to the AEDPA's one-year limitation period. (Doc. # 16 at 6–7.) These arguments lack merit. First, the arguments concerning the state court's alleged lack of jurisdiction due to an involuntary plea and illegal sentence enhancement merely suggest legal innocence rather than factual innocence. *See McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011) (observing that "actual innocence" refers to factual innocence, not "mere legal insufficiency" (citing *Bousley*, 523 U.S. at 623; *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992); and *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001))).

Second, Petitioner's labeling of his claims as "jurisdictional" does not exempt them from AEDPA's one-year limitations period. For one thing, his claims do not appear to be jurisdictional. *See, e.g.*, *Cloud v. State*, 234 So. 3d 538, 544 (Ala. Crim. App. 2016) ("Although couched in jurisdictional terms, [the petitioner's] ineffective-assistance claims are not truly jurisdictional and, therefore, are subject to the procedural bars of Rule 32, Ala. R. Crim. P."); *Fincher v. State*, 837 So. 2d 876, 878 (Ala. Crim. App. 2002) ("Claims relating to the voluntariness of guilty pleas are not jurisdictional and, therefore, are subject to the procedural bars of Rule 32.2, Ala. R. Crim. P."). For another thing, even if Petitioner's claims raised jurisdictional issues, "[t]here is no exception to the limitation period in § 2244(d) for claims

14

alleging lack of jurisdiction by the state trial court." *Smith v. Giles*, 2017 WL 4021125, at *2 (M.D. Ala. July 12, 2017), *R&R adopted*, 2017 WL 4019425 (M.D. Ala. Sep. 12, 2017); *see also Brown v. Patterson*, 2012 WL 3264896, at *3 (M.D. Ala. June 18, 2012) ("Brown argues that his claim challenging the validity of his sentence presents a jurisdictional claim which is not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A). However, neither the statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law."), *R&R adopted*, 2012 WL 3264556 (M.D. Ala. Aug. 9, 2012). Petitioner's attempt to circumvent § 2244(d)'s one-year limitation period by characterizing his claims as jurisdictional is without merit.

## V. CONCLUSION

As explained, Petitioner did not file this 28 U.S.C. § 2254 petition for a writ of habeas corpus within the AEDPA's one-year limitation period, *see* 28 U.S.C. § 2244(d)(1), and he has not shown a basis for statutory tolling, equitable tolling, or actual innocence. Therefore, the § 2254 petition must be dismissed with prejudice.

Pursuant to Rule 11(a) of the *Rules Governing § 2254 Cases*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Petitioner has not shown, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this]

court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c). Therefore, Petitioner will be denied a certificate of appealability.

Accordingly, it is ORDERED that Petitioner Bradley Earl Martin's 28 U.S.C. § 2254 petition is DISMISSED with prejudice and that Petitioner is DENIED a certificate of appealability.

Final judgment will be entered separately.

DONE this 10th day of February, 2026.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE